**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RUBICON RESEARCH LIMITED, *Plaintiff*, v. INDIVIOR INC., *Defendant*. | C.A. No. ____________________ ANDA Case |

**COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT**

Rubicon Research Limited ("Rubicon"), by and through its undersigned counsel, respectfully submits this Complaint against defendant, Indivior Inc. ("Indivior"), seeking a declaratory judgment of noninfringement of U.S. Patent Nos. 11,458,091 ("'091 patent") and 12,290,596 ("'596 patent") (collectively, the '091 and '596 patents are referred to herein as the "patents-in-suit"). In support of this Complaint, Rubicon states as follows:

**NATURE OF THE ACTION**

1. This is an action seeking a declaratory judgment of noninfringement of the patents-in-suit, in accordance with 21 U.S.C. § 355(j)(5)(C) and under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*, relating to Rubicon's submission of Abbreviated New Drug Application ("ANDA") No. 221382 ("Rubicon ANDA") to the United States Food and Drug Administration ("FDA") seeking approval of Rubicon's nalmefene hydrochloride nasal spray, EQ 2.7 mg base/spray strength, related to the drug product OPVEE®, which is marketed by Indivior under New Drug Application ("NDA") No. N217470 ("Indivior NDA"), prior to expiration of the patents-in-suit.

## PARTIES

2. Rubicon is a corporation organized and existing under the laws of India having an office and place of business at MedOne House, Plot No. B-75, Road No. 33, Wagle Estate, Thane (W) 400604, Maharashtra, India.

3. Upon information and belief, Indivior is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 10710 Midlothian Turnpike, Suite 125, North Chesterfield, VA 23235.

## JURSIDICTION AND VENUE

4. This Complaint arises under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 21 U.S.C. § 355 *et seq.* (the "Hatch-Waxman Act").

5. This Court has subject matter jurisdiction over this Complaint under at least 28 U.S.C. §§ 1331, 1332 and 1367.

6. The Court has personal jurisdiction over Indivior, a Delaware corporation, under Federal Rule of Civil Procedure 4(1)(A).

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and 1400(b).

## PATENTS-IN-SUIT

8. Upon information and belief, on or about October 4, 2022, the U.S. Patent & Trademark Office ("PTO") issued the '091 patent, which is titled "Compositions and Methods for the Treatment of Opioid Overdose." A true and complete copy of the '091 patent is attached hereto as **Exhibit A**.

9. The '091 patent is listed in the FDA's electronic publication "Orange Book: Approved Drug Products with Therapeutic Equivalence Evaluations" ("Orange Book") in

connection with the Indivior NDA. *See* Patent and Exclusivity for: N217470, *available at* https://www.accessdata.fda.gov/scripts/cder/ob/patent_info.cfm?Product_No=001&Appl_No=217470&Appl_type=N (last checked Nov. 9, 2026). A true and complete copy of the Orange Book listing for the Indivior NDA is attached hereto as **Exhibit B**.

10. According to the Orange Book, the ’091 patent expires July 10, 2038. *See* Ex. B.

11. Indivior is indicated in the records of the PTO as the owner, by assignment, of the ’091 patent.

12. Upon information and belief, on or about May 6, 2025, the PTO issued the ’596 patent, which is titled “Compositions and Methods for the Treatment of Opioid Overdose.” A true and complete copy of the ’596 patent is attached hereto as **Exhibit C**.

13. The ’596 patent is listed in the Orange Book in connection with the Indivior ANDA. *See* Ex. B.

14. According to the Orange Book, the ’596 patent expires August 4, 2042. *See* Ex. B.

15. Indivior is indicated in the records of the PTO as the owner, by assignment, of the ’596 patent.

**RUBICON’S PARAGRAPH IV CERTIFICATION**

16. Indivior is indicated in FDA records as the holder of NDA No. N217470 for nalmefene hydrochloride nasal spray, EQ 2.7 mg base/spray marketed by Indivior as OPVEE®.

17. On April 18, 2026, Rubicon submitted Rubicon’s ANDA to FDA. Rubicon’s ANDA included a certification that, *inter alia*, Rubicon’s ANDA and ANDA product does not and would not infringe any valid claim of the patents-in-suit, in accordance with 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (“Paragraph IV Certification”).

18. By correspondence dated May 14, 2026, FDA acknowledged receipt of Rubicon's ANDA and Paragraph IV Certification, effective April 20, 2026 ("Paragraph IV Acknowledgment Letter"). A true and complete copy of FDA's Paragraph IV Acknowledgement Letter is attached hereto as **Exhibit D**.

19. By letter dated June 3, 2026, in accordance with 21 U.S.C. § 355(j)(2)(B), Rubicon notified Indivior that it had filed Rubicon's ANDA with a Paragraph IV Certification ("Paragraph IV Notice Letter") and, in accordance with 21 U.S.C. § 355(j)(2)(B)(iv)(II), included with its Paragraph IV Notice Letter a detailed statement of the factual and legal basis of Rubicon's opinion that its ANDA would not infringe the patents-in-suit.

20. In accordance with 21 U.S.C. § 355(j)(5)(C)(i)(I)(cc), Rubicon's Paragraph IV Notice Letter included an offer of confidential access to Rubicon's ANDA as prescribed by 21 U.S.C. § 355(j)(5)(C)(i)(III).

21. Upon information and belief, Indivior received Rubicon's Paragraph IV Notice Letter on June 4, 2026.

22. To date, Indivior has not initiated a civil action against Rubicon regarding Rubicon's ANDA.

23. Rubicon is entitled to bring this Action under 21 U.S.C. § 355(j)(5)(C)(i).

24. The foregoing allegations establish the existence of a definite, concrete, real, substantial, justiciable and continuing case or controversy between Rubicon and Indivior pertaining to the patents-in-suit.

**COUNT I – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '091 PATENT**

25. Rubicon repeats and incorporates by reference the allegations set forth in paragraphs 1-24 of this Complaint as though fully set forth herein.

26. Rubicon's ANDA does not, and its ANDA product would not if approved, infringe any claim of the '091 patent.

27. Rubicon cannot obtain final FDA approval of its ANDA and, thus, has suffered and continues to suffer real harm.

28. Rubicon is entitled to a judicial declaration of noninfringement of the ’091 patent.

**COUNT II – DECLARATORY JUDGMENT OF**
**NONINFRINGEMENT OF THE ’596 PATENT**

29. Rubicon repeats and incorporates by reference the allegations set forth in paragraphs 1-24 of this Complaint as though fully set forth herein.

30. Rubicon’s ANDA does not, and its ANDA product would not if approved, infringe any claim of the ’596 patent.

31. Rubicon cannot obtain final FDA approval of its ANDA and, thus, has suffered and continues to suffer real harm.

32. Rubicon is entitled to a judicial declaration of noninfringement of the ’596 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Rubicon respectfully prays for judgment in its favor and against Indivior declaring that the claims of the patents-in-suit are not infringed by Rubicon’s ANDA and ANDA product.

Dated: November 10, 2026

**KRATZ & BARRY LLP**

*/s/ R Touhey Myer*
R Touhey Myer (#5939)
800 N. West Street
Wilmington, DE 19801
(302) 527-9378
tmyer@kratzandbarry.com

*Attorneys for Plaintiff,*
*Rubicon Research Limited,*